259-10

STATE OF MAINE                        SUPERIOR COURT
WALDO, ss.                            CIVIL ACTION
                                      DOCKET NO.: RE-2010-09

| | |
|---|---|
| TD BANK, N.A., | ) |
| | ) |
| Plaintiff, | ) **ORDER AND JUDGMENT OF** |
| | ) **FORECLOSURE AND SALE** |
| v. | ) **AND ENTRY OF FINAL JUDGMENT** |
| | ) |
| JEFFREY F. TARDIFF, | ) |
| Defendant, | ) |
| and | ) **Title to Real Estate is Involved** |
| | ) |
| MORTGAGE ELECTRONIC | ) |
| REGISTRATION SYSTEMS, INC., as | ) |
| nominee for Irwin Union Bank and Trust | ) |
| Company, | ) |
| | ) |
| Party-In-Interest. | ) |

**Property located at 900 N. Main St., Town of Winterport, County of Waldo, and State of Maine**
**Mortgage recorded in the Waldo County Registry of Deeds at Book 2504, Page 277**

Upon Plaintiff's Motion for Entry of Default and Summary Judgment, and Incorporated Supporting Memorandum dated July 7, 2010, after notice to all parties, and no opposition having been filed, and after review of the pleadings, Affidavits, and Statement of Material Facts on file, the Court finds pursuant to M.R. Civ. P. 7(c), 54(b), 55(a), and 56(h), and certifies pursuant to 14 M.R.S.A. §2401(3):

1.      That the record indicates the following Parties and Counsel of Record:

| PARTY | | COUNSEL |
|---|---|---|
| Plaintiff: | TD Bank, N.A.<br>One Portland Square<br>Portland, ME 04112 | Stephanie A. Williams, Esq.<br>Perkins Thompson, P.A.<br>PO Box 426<br>Portland, ME 04112-0426 |
| Defendant: | Jeffrey F. Tardiff<br>23 George Rd.<br>Prospect, ME 04981 | None of record |

Party-In-Interest:     Mortgage Electronic Registration          None of record
                       Systems, Inc., as nominee for
                       Irwin Bank and Trust Company
                       1818 Library St., Ste 300
                       Reston, VA 20190

2.      That both parties have received notice of the proceedings in this action and that the notice was given in accordance with the applicable provisions of the Maine Rules of Civil Procedure;

3.      That venue is properly laid in this Court;

4.      That Defendant Jeffrey F. Tardiff ("Defendant"), and Party-In-Interest Mortgage Electronic Registration Systems, Inc,. as nominee for Irwin Union Bank and Trust Company ("Party-In-Interest"), have failed to answer or otherwise defend Plaintiff's Complaint, or serve a copy of any answer or other defense which they might have upon the undersigned attorney of record for the Plaintiff;

5.      That there is no genuine issue as to any material fact involving the Plaintiff's Complaint, and that the Plaintiff is entitled to judgment as a matter of law;

6.      That Defendant is in default under the terms of a certain Note held by the Plaintiff dated October 10, 2003 ("Note"), and was given proper notice of said default;

7.      That Plaintiff holds a mortgage on real estate located at 900 N. Main St., in the Town of Winterport, County of Waldo, and State of Maine, to secure the Note, which mortgage is recorded in the Waldo County Registry of Deeds in Book 2504, Page 277 ("Mortgage"); the legal description of the mortgaged property contained in said Mortgage is incorporated herein by reference;

8.    That Plaintiff is owed the following under its Note and Mortgage:

| | | |
|---|---|---:|
| a. | principal balance: | $108,427.04 |
| b. | late charges: | 321.06 |
| c. | deficit in the escrow accounts: | 859.58 |
| d. | mortgage discharge fee: | 16.00 |
| e. | accrued interest through June 14, 2010: | 3,839.79 |
| f. | attorneys fees and disbursements through June 17, 2010: | 2,288.72 |

SUBTOTAL:        $115,752.19

g.    additional reasonable attorneys and paralegal fees and expenses incurred by Plaintiff in preparing for and attending any hearing on the Motion for Default and Summary Judgment; in drafting a letter regarding the period of redemption; in obtaining and recording Clerk's Certification regarding appeal; in drafting redemption documents or in obtaining a Writ of Possession and preparing for and conducting the foreclosure sale; in filing and supporting a Report to Court; in obtaining relief from automatic stay in any subsequent proceeding in U.S. Bankruptcy Court; and in pursuing collection of any deficiency judgment to the extent it is not discharged in bankruptcy;

h.    additional interest accruing on said principal balance from and including June 15, 2010, at the rate of $10.397 per day as forth in the Note; and

i.    any amounts advanced by Plaintiff to protect its mortgage security.

9.    That Party-In-Interest, who Plaintiff has alleged may claim an interest in the property to be foreclosed upon and named and served in this action, failed to appear, answer or otherwise respond to establish the priority and amounts it may claim against the foreclosure sale proceeds.

10.    That the order of priority and the amount of the claim of each party appearing and proving its claim against the proceeds of sale, after payment of expenses of sale, is as follows:

a.    TD Bank, N.A.: $115,752.19, plus accrued interest at the Note rate of $10.397 per day (which is 3.5%) from and including June 15, 2010, to the date of entry of

-3-

judgment, plus interest after judgment at 6.47% (the appropriate rate pursuant to 14 MRSA Sec.1602-C, which is the weekly average one-year United States Treasury bill rate as published by the Board of Governors of the Federal Reserve System for the last full week of 2010 plus 6%), plus further legal fees and expenses incurred by Plaintiff as described in paragraph 8 above, plus any amounts advanced by Plaintiff to protect its mortgage security, including insurance premiums and real estate taxes;

b.    Clerk of Courts: any excess proceeds from sale, pursuant to 14 M.R.S.A. §6324.

11.    That Plaintiff's claim for attorney fees is integral to the relief sought, within the meaning of M.R. Civ. P. 54(b)(2); and

12.    That there is no just reason for delay in the entry of final judgment for Plaintiff on all claims, except for the claim for attorney fees incurred by Plaintiff after June 17, 2010, for the following reasons:

(a)    If summary judgment is granted but not entered as final, the time periods set forth in 14 M.R.S.A §§6322 and 6323 will commence even though the judgment is subject to later revision;

(b)    The Plaintiff and any bidders at the foreclosure sale would be exposed to some risk in proceeding to a sale if judgment is not final and remains subject to revision; and

(c)    Any dispute regarding attorney fees incurred by Plaintiff after June 17, 2010, may be resolved by Defendant filing a motion contesting Plaintiff's Report of Public Sale as provided in 14 M.R.S.A. §6324.

WHEREFORE, it is hereby Ordered and Decreed:

(a)    That Default shall be entered against the Defendant, and against Party-In-

Interest.

(b)     That if Defendant, his heirs and assigns, do not pay the Plaintiff the amounts adjudged to be due to Plaintiff in paragraph 8 above within ninety (90) days from the date of entry of this Order, Plaintiff (through its agents or attorneys) shall, unless it elects to allow Defendant to cure and reinstate, proceed with a sale of the real estate described in the mortgage deed recorded in the Waldo County Registry of Deeds in Book 2504, Page 277, pursuant to 14 M.R.S.A. §§ 6321-6324, free and clear of all liens, except liens senior to Plaintiff's Mortgage, and shall pay the proceeds of sale, after satisfying expenses of sale, in the priority order and amounts set forth in paragraph 10 above;

(b)     That the Clerk is hereby directed to enter this Order and Judgment of Foreclosure and Sale as a final judgment pursuant to Rule 54(b)(1), except as to attorney fees incurred after June 17, 2010;

(c)     That if Defendant fails to redeem by paying the above amounts adjudged to be due on or before ninety (90) days from the date of entry of this Order (or cure and reinstate within such additional time as Plaintiff may in its sole discretion allow), or if Defendant abandons the mortgaged property, Plaintiff shall then be entitled, at its option, without further hearing to take exclusive possession of the real estate described in Plaintiff's Mortgage, and a writ of possession shall then issue forthwith upon Plaintiff's request;

(d)     That an execution shall issue against the Defendant for any deficiency, provided the statutory requirements are met;

(e)     That Plaintiff shall specify attorney fees incurred after June 17, 2010, in its Report of Public Sale, which shall then constitute a timely application for an award of additional attorneys fees, notwithstanding the requirements of M.R. Civ. P. 54(b)(3) to file

such application within 60 days after judgment; Defendant may contest the Report and application for additional fees by filing a motion pursuant to 14 M.R.S.A. §6324;

(f)    That once the applicable appeal period has expired, Plaintiff shall prepare and the Clerk shall execute an appropriate certification either that no action was taken or that an appeal was filed, and Plaintiff shall then record the said certification and a copy of this Judgment in the Registry of Deeds for Waldo County and pay the recording fees therefor, in compliance with 14 M.R.S.A. § 2401 (3), such fees and costs so incurred by Plaintiff to be added to and become part of the mortgage indebtedness secured by the Mortgage; and

(g)    That the Clerk shall enter the following in the docket:

"Order and Judgment of Foreclosure and Sale dated __8/24/10__ entered for the Plaintiff as a final judgment except for attorneys fees incurred after June 17, 2010. Said Order is incorporated in the docket by reference. This entry is made in accordance with M.R. Civ. P. 79(a) at the specific direction of the Court."

Dated at Belfast, Maine, this 24 day of _____, 2010.

_____
Justice, Superior Court
Jeffrey Hjelm

Date Order Entered on the Court's Docket: ____8/25/10____

I hereby certify that the applicable appeal period expired without action on

_____.

_____
CLERK, WALDO COUNTY
SUPERIOR COURT

-6-